IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES E. NIXON, SR.,            :
           Petitioner  :
                                :
    v.                          :   CIVIL ACTION NO. 10-690
                                :
FRANKLIN J. TENNIS, et al.,     :
           Respondent. :

**O R D E R**

**AND NOW**, this __9th__ day of __March__, 2012, upon consideration of the pro se[1] Petition for Writ of Habeas Corpus (ECF No. 1) filed by James E. Nixon, Sr., and after careful and independent review of the full record including the comprehensive Report and Recommendation of Magistrate Judge Arnold C. Rapoport (R&R, ECF No. 15), and after consideration of Petitioner's pro se Motion to Strike and Set Aside the Report and Recommendation (Objections, ECF No. 18), it is **ORDERED** as follows:

    1.    Petitioner's Objections to the Report and Recommendation are **OVERRULED**.

    2.    The Report and Recommendation is **APPROVED** and **ADOPTED.**

    3.    The Petition For Writ Of Habeas Corpus is **DISMISSED**.[2]

---

[1] Pro se pleadings are subject to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A pro se complaint is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] Petitioner was convicted by a jury in the Court of Common Pleas of Philadelphia County of rape, involuntary deviate sexual intercourse, incest, and corruption of the morals of a minor on February 1, 1999. He was sentenced to 25 to 50 years in prison on April 16, 1999. On direct appeal, the Superior Court affirmed. *Commonwealth v. Nixon*, 760 A.2d 430 (Pa. Super. Ct. 2000). Petitioner did not seek review in the Pennsylvania Supreme Court.
    Petitioner filed a petition for collateral review under the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, on May 29, 2001. The petition was dismissed on January 23, 2006. On July 18, 2006, Petitioner filed a second PCRA petition, which was denied. That denial was affirmed by the Superior Court, and the Pennsylvania Supreme Court denied review on April 2, 2009. Petitioner filed the instant Petition on February 12, 2010. *See Houston*

      4.     A certificate of appealability will not issue.[3]

---

*v. Lack*, 487 U.S. 266 (1988) (a prisoner's petition is deemed filed on the date he presents it to prison officials for delivery).

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Generally, this period runs from the date when the state judgment becomes final. If state-level collateral review is pending, the period is tolled. § 2244(d)(1)(A)-(2). If filing the petition was impossible because of an impediment created by illegal state action, the subsequent recognition of a new right by the United States Supreme Court, or the revelation of new facts which were previously unavailable, the period runs from the first date on which the conditions which had fostered such impossibility were no longer in effect. § 2244(d)(1)(B)-(D).

We defer to state court interpretations of state laws such as the PCRA. Federal courts conducting habeas review cannot re-examine state court determinations as to state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless "clear and convincing evidence" suggests otherwise, such determinations are presumed correct. 28 U.S.C. § 2254(d)(1); *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004).

We are satisfied that Petitioner's claim is time-barred pursuant to 28 U.S.C. § 2244(d). The 1-year period of limitations had run before Petitioner filed the instant Petition. There is no basis for statutory tolling here. The PCRA review period tolled the limitations period, but Petitioner failed to file his Petition within the required time after the period began to run again. The period for filing a federal habeas corpus petition ran from July 16, 2000, when Petitioner's conviction became final, until May 29, 2001, when Petitioner's first PCRA petition was filed, a total of 312 days. This left 53 days for Petitioner to file. Even if we were to generously toll all the time between the filing of the first PCRA petition and the Supreme Court's final denial of the second PCRA petition on April 2, 2009, Petitioner still did not file the instant Petition until February 12, 2010, more than 53 days after the Supreme Court's ruling. There is no question that the period of limitations had run well before Petitioner filed the instant Petition. Petitioner's allegation that the PCRA court's determination somehow impeded his ability to file does not fall within any of the exceptions in § 2244(d)(1).

We are also satisfied that there is no basis for equitable tolling. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, a petitioner is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Mere excusable neglect is not sufficient." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 619 (3d Cir. 1999).

Petitioner alleges that the confusion as to dates impeded his ability to comply with the time limit under § 2244. This does not constitute an "extraordinary circumstance." Even if we accept the fact that the PCRA court erred in misdating the PCRA Court's Order, this does not explain why Petitioner delayed in filing his federal habeas petition until well after the time period had run.

Petitioner offers no basis for equitable tolling. Petitioner has shown neither diligent pursuit of his rights nor an extraordinary circumstance. The thorough analysis of Magistrate Judge Rapoport in the Report and Recommendation regarding statutory and equitable tolling was absolutely correct. Petitioner's claims are time-barred.

**IT IS SO ORDERED.**

                                          **BY THE COURT:**

                                          **R. BARCLAY SURRICK, J.**

---

[3] A certificate of appealability only issues if reasonable jurists could disagree with the Court's disposition of this matter. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurists could disagree with our finding that this claim is time-barred.